THE HONORABLE JAMES L. ROBART

_____ FILED        _____ ENTERED
_____ LODGED       _____ RECEIVED

MAY 2 5 2007

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re WATCHGUARD SECURITIES LITIGATION | Master File No. 2:05-cv-00678-JLR |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |



05-CV-00678-ORD

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1    WHEREAS, a consolidated class action is pending before the Court entitled *In re*
2  *WatchGuard Securities Litigation*, Master File No. 2:05-cv-00678-JLR (the "Litigation");

3    WHEREAS, the Court has received the Stipulation of Settlement dated as of March 26,
4  2007(the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the
5  Court has reviewed the Stipulation and its attached Exhibits; and

6    WHEREAS, the parties having made application, pursuant to Federal Rule of Civil
7  Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance
8  with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and
9  conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with
10  prejudice upon the terms and conditions set forth therein; and the Court having read and considered
11  the Stipulation and the Exhibits annexed thereto; and

12    WHEREAS, all defined terms contained herein shall have the same meanings as set forth in
13  the Stipulation;

14    NOW, THEREFORE, IT IS HEREBY ORDERED:

15    1.    The Court does hereby preliminarily approve the Stipulation and the settlement set
16  forth therein, subject to further consideration at the Settlement Hearing described below.

17    2.    A hearing (the "Settlement Hearing") shall be held before this Court on August **6**,
     **2:00 p.m.**
18  2007, at ~~a.m.~~, at the U.S. Courthouse, 700 Stewart Street, Seattle, Washington, to determine
19  whether the proposed settlement of the Litigation on the terms and conditions provided for in the
20  Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the
21  Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered herein; whether
22  the proposed Plan of Allocation should be approved; and to determine the amount of fees and
23  expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing
24  without further notice to Members of the Settlement Class.

25    3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily
26  certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)                    - 1 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1  purchased WatchGuard Technologies, Inc. ("WatchGuard") common stock between February 12,
2  2004 and March 15, 2005, inclusive. Excluded from the Settlement Class are Defendants and their
3  Related Parties. Also excluded from the Settlement Class are those Persons who timely and validly
4  request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed
5  Settlement of Class Action.

6      4.    With respect to the Settlement Class, this Court preliminarily finds for purposes of
7  effectuating this settlement that (a) the Members of the Settlement Class are so numerous that
8  joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of
9  law and fact common to the Settlement Class which predominate over any individual questions; (c)
10  the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead
11  Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all
12  of the Settlement Class Members; and (e) a class action is superior to other available methods for the
13  fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the
14  Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent
15  and nature of any litigation concerning the controversy already commenced by Members of the
16  Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in
17  this particular forum; and (iv) the difficulties likely to be encountered in the management of the
18  Litigation.

19      5.    The Court approves, as to form and content, the Notice of Pendency and Proposed
20  Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of
21  Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and
22  finds that the mailing and distribution of the Notice and publishing of the Summary Notice
23  substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of
24  Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the
25  circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

26

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)

- 2 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1      6.      Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the
2  firm of Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice
3  procedure as well as the processing of claims as more fully set forth below:

4              (a)      Not later than June 6, 2007 (the "Notice Date"), Lead Counsel shall cause a
5  copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-
6  2, to be mailed by first class mail to all Settlement Class Members who can be identified with
7  reasonable effort;

8              (b)      Not later than June 6, 2007, Lead Counsel shall cause the Summary Notice to
9  be published once in *Investor's Business Daily*; and

10             (c)      At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel
11  shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or
12  declaration, of such mailing and publishing.

13     7.      Nominees who purchased WatchGuard common stock during the period beginning
14  February 12, 2004 and March 15, 2005, inclusive, shall send the Notice and the Proof of Claim to all
15  beneficial owners of such WatchGuard common stock within ten (10) days after receipt thereof, or
16  send a list of the names and addresses of such beneficial owners to the Claims Administrator within
17  ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the
18  Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse
19  banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses
20  incurred in providing notice to beneficial owners who are Settlement Class Members out of the Class
21  Notice and Administration Fund, which expenses would not have been incurred except for the
22  sending of such notice, subject to further order of this Court with respect to any dispute concerning
23  such compensation.

24     8.      All Members of the Settlement Class shall be bound by all determinations and
25  judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the
26  Settlement Class.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)                         - 3 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1        9.       Settlement Class Members who wish to participate in the settlement shall complete

2 and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the

3 Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days

4 from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

5 within the time provided for shall be barred from sharing in the distribution of the proceeds of the

6 Net Settlement Fund, unless otherwise ordered by the Court.

7        10.      Any Person who desires to request exclusion from the Settlement Class shall do so

8 within the time set forth and in the manner described in the Notice. All Persons who submit valid

9 and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under

10 the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound

11 by the Stipulation or the Judgment entered in the Litigation.

12        11.      Any Member of the Settlement Class may enter an appearance in the Litigation, at

13 his, her or its own expense, individually or through counsel of his, her, or its own choice. If

14 Members of the Settlement Class do not enter an appearance, they will be represented by Lead

15 Counsel.

16        12.      Any Member of the Settlement Class may appear and show cause, if he, she or it has

17 any reason, why the proposed settlement of the Litigation should or should not be approved as fair,

18 reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of

19 Allocation should or should not be approved, or why attorneys' fees and expenses should or should

20 not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other

21 Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed

22 settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order

23 approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel,

24 unless that Person has delivered by hand or sent by first class mail written objections and copies of

25 any papers and briefs such that they are received on or before July 20, 2007, by: Lerach Coughlin

26 Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego,

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)      - 4 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1  California 92101, and Orrick, Herrington & Sutcliffe LLP, James N. Kramer, The Orrick Bldg., 405
2  Howard Street, San Francisco, California 94105, and filed said objections, papers and briefs with the
3  Clerk of the United States District Court for the Western District of Washington, on or before July
4  20, 2007. Any Member of the Settlement Class who does not make his, her or its objection in the
5  manner provided shall be deemed to have waived such objection and shall forever be foreclosed
6  from making any objection to the fairness or adequacy of the proposed settlement as set forth in the
7  Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead
8  Counsel, unless otherwise ordered by the Court.

9        13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia*
10 *legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such
11 funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

12       14.    All papers in support of the settlement, the Plan of Allocation, and the application by
13 Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7)
14 calendar days before the Settlement Hearing.

15       15.    Neither Defendants nor their Related Parties shall have any responsibility for or
16 liability with respect to the Plan of Allocation or any application for attorneys' fees or
17 reimbursement of expenses submitted by Lead Counsel, and such matters will be considered
18 separately from the fairness, reasonableness and adequacy of the settlement.

19       16.    At or after the Settlement Hearing, the Court shall determine whether the Plan of
20 Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of
21 expenses, shall be approved.

22       17.    All reasonable expenses incurred in identifying and notifying Settlement Class
23 Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.
24 In the event the settlement is not approved by the Court, or otherwise fails to become effective,
25 neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually
26 and properly disbursed from the Class Notice and Administration Fund.

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)

- 5 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1    18.    Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations

2    or proceedings connected with it, shall be construed as an admission or concession by Defendants or

3    their Related Parties of the truth of any of the allegations in the Litigation, or of any liability, fault,

4    or wrongdoing of any kind.

5    19.    The Court reserves the right to adjourn the date of the Settlement Hearing without

6    further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further

7    applications arising out of or connected with the proposed settlement. The Court may approve the

8    settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate,

9    without further notice to the Settlement Class.

10    20.    The Court may, for good cause, extend any of the deadlines set forth in this Order

11    without further notice to Members of the Settlement Class.

12    21.    All other proceedings in the Litigation are stayed until further order of the Court.

13    IT IS SO ORDERED.

14    DATED:   May 25, 2007

15    THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

16

17    Submitted by,

LERACH COUGHLIN STOIA GELLER
18    RUDMAN & ROBBINS LLP
JOY ANN BULL
19

20
s/ Joy Ann Bull
21    JOY ANN BULL

22    655 West Broadway, Suite 1900
San Diego, CA 92101-3301
23    Telephone: 619/231-1058
619/231-7423 (fax)
24

25

26

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)          - 6 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1

2 LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
3 TAMARA J. DRISCOLL, WSBA #29212
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
4 Telephone: 206/749-5544
206/749-9978 (fax)
5 tdriscoll@lerachlaw.com

6 LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
7 AZRA Z. MEHDI
AELISH M. BAIG
8 100 Pine Street, Suite 2600
San Francisco, CA 94111
9 Telephone: 415/288-4545
415/288-4534 (fax)
10
Lead Counsel for Plaintiffs
11
VANOVERBEKE MICHAUD
12 & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
13 THOMAS C. MICHUAD
MICHAEL E. MOCO
14 79 Alfred Street
Detroit, MI 48201
15 Telephone: 313/578-1200
313/578-1201 (fax)
16
Additional Counsel for Plaintiffs
17
S:\Settlement\Watchguard Tech.set\EA-00038163.doc
18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE (2:05-cv-00678-JLR)

- 7 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

# EXHIBIT A-1

THE HONORABLE JAMES L. ROBART

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        WESTERN DISTRICT OF WASHINGTON

10

| In re WATCHGUARD SECURITIES LITIGATION | ) ) ) | Master File No. 2:05-cv-00678-JLR |
|---|---|---|
| This Document Relates To: | ) ) ) ) | CLASS ACTION |
| ALL ACTIONS. | ) ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |

EXHIBIT A-1

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1   *IF YOU PURCHASED WATCHGUARD TECHNOLOGIES, INC. ("WATCHGUARD")*
2   *COMMON STOCK BETWEEN FEBRUARY 12, 2004 AND MARCH 15, 2005, INCLUSIVE,*
    *YOU COULD GET A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

3   A federal court authorized this Notice. This is not a solicitation from a lawyer.

4   **Securities and Time Period:** WatchGuard Technologies, Inc. ("WatchGuard") common
5   stock (CUSIP: 941105108) purchased between February 12, 2004 and March 15, 2005.

6   **Settlement Fund:** $1,750,000 in cash. Your recovery will depend on the number of shares
7   purchased and the timing of your purchases and any sales. Depending on the number of eligible
8   shares that participate in the settlement and when those shares were purchased and sold, the
9   estimated average recovery per share of common stock will be approximately $0.10 before
10  deduction of Court-approved fees and expenses.

11  **Reasons for Settlement:** Avoids the costs and risks associated with continued litigation,
12  including the danger of no recovery.

13  **If the Case Had Not Settled:** Continuing with the case could have resulted in dismissal or
14  loss at trial. The two sides do not agree on the amount of money, if any, that could have been won if
15  Lead Plaintiff prevailed at trial. The parties disagree about: (1) the method for determining whether
16  WatchGuard common stock was artificially inflated during the relevant period; (2) the amount of
17  any such inflation; (3) whether and the extent to which various facts alleged by Lead Plaintiff were
18  materially false or misleading; (4) the extent to which various facts alleged by Lead Plaintiff
19  influenced the trading price of WatchGuard common stock during the relevant period; and (5)
20  whether the facts alleged were material, false, misleading or otherwise actionable under the
21  securities laws.

22  **Attorneys' Fees and Expenses:** Lead Counsel have not received any payment for their
23  work investigating the facts, conducting this litigation and negotiating the settlement on behalf of the
24  Lead Plaintiff and the Settlement Class. Court-appointed Lead Counsel will ask the Court for
25  attorneys' fees of 25% of the Settlement Fund and reimbursement of out-of-pocket expenses not to
26

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 1 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1  exceed $90,000 to be paid from the Settlement Fund. If the above amounts are requested and

2  approved by the Court, the average cost per share of common stock will be $0.03.

3  **Deadlines:**

4      Submit Claim:      September 4, 2007

5      Request Exclusion:  July 20, 2007

6      File Objection:    July 20, 2007

7  **Court Hearing on Fairness of Settlement: August ___, 2007**

8  **More Information:** www.gilardi.com or

9  Claims Administrator:                    Lead Counsel:

10  *WatchGuard Securities Litigation*       Rick Nelson
    Claims Administrator                     Shareholder Relations
11  c/o Gilardi & Co. LLC                    Lerach Coughlin Stoia Geller
                                             Rudman & Robbins LLP
12  P.O. Box 8040                            655 West Broadway, Suite 1900
    San Rafael, CA 94912-8040                San Diego, CA 92101
13

14  •  Your legal rights are affected whether you act, or don't act. Read this Notice carefully.

15              **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

16  **SUBMIT A CLAIM FORM**   The only way to get a payment.

17  **EXCLUDE YOURSELF**       Get no payment. This is the only option that allows you to
18
19                            participate in another lawsuit against the Defendants relating to
20                            the legal claims in this case.

21  **OBJECT**                 You may write to the Court if you don't like this settlement.

22  **GO TO A HEARING**        You may ask to speak in Court about the fairness of the
23                            settlement.

24  **DO NOTHING**             Get no payment and be deemed to have released all Released
25                            Claims.
26

NOTICE OF PENDENCY AND PROPOSED               Lerach Coughlin Stoia Geller Rudman & Robbins LLP
SETTLEMENT (2:05-cv-00678-JLR)                       1700 Seventh Avenue, Suite 2260
                                                            Seattle, WA 98101
                       - 2 -                        Telephone: 206/749-5544 • Fax: 206/749-9978

1    • These rights and options — *and the deadlines to exercise them* — are explained in this
2    Notice.

3    • The Court in charge of this case must decide whether to approve the settlement.

4    • Payments will be made if the Court approves the settlement and, if there are any appeals,
5    after appeals are resolved. Please be patient.

6

7                                    **BASIC INFORMATION**

8        **1.    Why Did I Get This Notice Package?**

9        You or someone in your family may have purchased shares of WatchGuard common stock
10   between February 12, 2004 and March 15, 2005.

11       The Court approved sending you this Notice because you have a right to know about a
12   proposed settlement of a class action lawsuit, and about all of your options, before the Court decides
13   whether to approve the settlement. If the Court approves it and after any objections or appeals are
14   resolved, the Claims Administrator appointed by the Court will make the payments that the
15   settlement allows.

16       This package explains the lawsuit, the settlement, your legal rights, what benefits are
17   available, who is eligible for them, and how to get them.

18       The Court in charge of the case is the United States District Court for the Western District of
19   Washington, and the case is known as *In re WatchGuard Securities Litigation*, Master File No. 2:05-
20   cv-00678-JLR. The person who sued is called the Lead Plaintiff, and the company and the
21   individuals it sued, WatchGuard, Steven N. Moore, Michael E. McConnell, Edward J. Borey and
22   James A. Richman, are called the Defendants.

23       **2.    What Is This Lawsuit About?**

24       This case was brought as a class action alleging that the Defendants falsified WatchGuard's
25   financial results during the period between February 12, 2004 and March 15, 2005. On March 15,
26   2005, WatchGuard announced it would be restating its financial results due to improper revenue

NOTICE OF PENDENCY AND PROPOSED                     Lerach Coughlin Stoia Geller Rudman & Robbins LLP
SETTLEMENT (2:05-cv-00678-JLR)                                  1700 Seventh Avenue, Suite 2260
                                                                     Seattle, WA  98101
                                    - 3 -                 Telephone: 206/749-5544 • Fax: 206/749-9978

1  recognition, under-accrual of customer rebate obligations, and inaccurate income statement
2  classification of early pay incentive discounts taken by customers. Lead Plaintiff asserts these
3  actions resulted in the artificial inflation of the price of WatchGuard common stock in violation of
4  federal securities laws, causing damage to members of the Settlement Class. Defendants deny the
5  allegations asserted by Lead Plaintiff in the Litigation.

6       **3.    Why Is This a Class Action?**

7       In a class action, one or more people called class representatives (in this case the Court-
8  appointed Lead Plaintiff, City of Dearborn Heights Act 345 Police & Fire Retirement System) sue
9  on behalf of people who have similar claims. Here, all these people are called a Settlement Class or
10  Settlement Class Members. One court resolves the issues for all Settlement Class Members, except
11  for those who exclude themselves from the Settlement Class. Judge James L. Robart is in charge of
12  this class action.

13      **4.    Why Is There a Settlement?**

14      The Court dismissed plaintiff's complaint and plaintiff filed a notice of appeal. Rather than
15  continue to litigate, both sides agreed to a settlement. That way, they avoid the cost of appeal and
16  possibly trial, and eligible Settlement Class Members who make a valid claim will get compensation.
17  The Lead Plaintiff and his attorneys think the settlement is best for all Settlement Class Members.

18                          **WHO IS IN THE SETTLEMENT**

19      To see if you will get money from this settlement, you first have to determine if you are a
20  Settlement Class Member.

21      **5.    How Do I Know if I Am Part of the Settlement?**

22      The Settlement Class includes *all persons who purchased WatchGuard common stock*
23  *between February 12, 2004 and March 15, 2005, except those persons and entities that are*
24  *excluded, as described below.*

25

26

NOTICE OF PENDENCY AND PROPOSED                    Lerach Coughlin Stoia Geller Rudman & Robbins LLP
SETTLEMENT (2:05-cv-00678-JLR)                              1700 Seventh Avenue, Suite 2260
                                                                 Seattle, WA 98101
                        - 4 -                         Telephone: 206/749-5544 • Fax: 206/749-9978

### 6.     What Are The Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant or a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

If you sold or held WatchGuard common stock between February 12, 2004 and March 15, 2005, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased WatchGuard common stock between February 12, 2004 and March 15, 2005.

### 7.     I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can call Rick Nelson at 619/231-1058 for more information. Or you can fill out and return the claim form described in question 10 and included with this Notice, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.     What Does the Settlement Provide?

Defendants have agreed to pay $1.75 million in cash to be divided among all eligible Settlement Class Members who send in valid claim forms, after payment of Court-approved attorneys' fees and expenses and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice (the "Net Settlement Fund").

### 9.     How Much Will My Payment Be?

Your share of the fund will depend on the number of valid claim forms that Settlement Class Members send in and how many shares of securities you purchased or acquired during the relevant period and when you bought and sold them. A claim will be calculated as follows:

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 5 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1        1.    For shares of WatchGuard common stock *purchased on February 12, 2004*

2  *through October 7, 2004*, and

3             a)    sold on or before October 7, 2004, the claim per share is $0.

4             b)    sold between October 8, 2004 through March 15, 2005, the claim per

5  share is the lesser of (i) the purchase price less the sales price, or (ii) $0.40 (October 8, 2004 Price

6  Decline).

7             c)    held at the close of trading on March 15, 2005, the claim per share is

8  $0.48 (October 8, 2004 and March 16, 2005 Price Declines).

9        2.    For shares of WatchGuard common stock *purchased on October 8, 2004*

10  *through March 15, 2005*, and

11             a)    sold on or before March 15, 2005, the claim per share is $0.

12             b)    held at the close of trading on March 15, 2005, the claim per share is

13  the lesser of (i) the purchase price less $3.17 (March 16, 2005 Closing Price), or (ii) $0.08 (March

14  16, 2005 Price Decline).

15       The payment you get will reflect your pro rata share of the Net Settlement Fund. Depending

16  on the number of eligible shares that participate in the settlement and when those shares were

17  purchased and sold, the estimated average payment will be approximately $0.12 for each share

18  before deduction of Court-approved fees and expenses. The number of claimants who send in

19  claims varies widely from case to case. If fewer than anticipated Settlement Class Members send in

20  a claim form, you could get more money.

21       The date of purchase or sale is the "contract" or "trade" date as distinguished from the

22  "settlement" date.

23       For Settlement Class Members who held WatchGuard common stock at the beginning of the

24  Settlement Class Period or made multiple purchases or sales during the Settlement Class Period, the

25  first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes

26  of calculating a claim. Under the FIFO method, sales of shares during the Settlement Class Period

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 6 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1 will be matched, in chronological order, first against shares held at the beginning of the Settlement

2 Class Period. The remaining sales of shares during the Settlement Class Period will then be

3 matched, in chronological order, against shares purchased during the Settlement Class Period.

4     A Settlement Class Member will be eligible to receive a distribution from the Net Settlement

5 Fund only if a Settlement Class Member had a net loss, after all profits from transactions in

6 WatchGuard common stock during the Settlement Class Period are subtracted from all losses.

7                 **HOW YOU GET A PAYMENT — SUBMITTING A CLAIM FORM**

8     **10.    How Will I Get a Payment?**

9     To qualify for payment, you must be an eligible Settlement Class Member and you must send

10 in a claim form. A claim form is enclosed with this Notice. Read the instructions carefully, fill out

11 the form, include all the documents the form asks for, sign it, and mail it in the enclosed envelope

12 postmarked no later than September 4, 2007.

13     **11.    When Will I Get My Payment?**

14     The Court will hold a hearing on August __, 2007, to decide whether to approve the

15 settlement. If Judge Robart approves the settlement, there may be appeals. It is always uncertain

16 whether these appeals can be resolved, and resolving them can take time, perhaps several years.

17 Everyone who sends in a claim form will be informed of the determination with respect to their

18 claim. Please be patient.

19     **12.    What Am I Giving Up to Get a Payment or Stay in the Settlement Class?**

20     Unless you exclude yourself, you are staying in the Settlement Class, and that means that you

21 cannot sue, continue to sue, or be part of any other lawsuit against the Defendants about the same

22 legal issues in this case. It also means that all of the Court's orders will apply to you and legally

23 bind you and you will release your claims in this case against the Defendants. The terms of the

24 release are included in the claim form that is enclosed.

25

26

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 7 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1

## EXCLUDING YOURSELF FROM THE SETTLEMENT

2   If you do not want a payment from this settlement, but you want to keep the right to sue or

3   continue to sue the Defendants on your own about the same legal issues in this case, then you must

4   take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes

5   referred to as opting out of the Settlement Class.

6   **13.   How Do I Get Out of the Settlement Class?**

7   To exclude yourself from the Settlement Class, you must send a letter by mail stating that

8   you want to be excluded from *In re WatchGuard Securities Litigation*, Master File No. 2:05-cv-

9   00678-JLR.  You must include your name, address, telephone number, your signature, and the

10  number of shares WatchGuard common stock you purchased between February 12, 2004 and March

11  15, 2005, the number and shares sold during this time period, if any, and the dates of such purchases

12  and sales.  You must mail your exclusion request postmarked no later than July 20, 2007 to:

13          *WatchGuard Securities Litigation*
            Claims Administrator
14          c/o Gilardi & Co. LLC
            P.O. Box 8040
15          San Rafael, CA 94912-8040

16  You *cannot* exclude yourself on the phone or by e-mail.  If you ask to be excluded, you are

17  not eligible to get any settlement payment, and you cannot object to the settlement.  You will not be

18  legally bound by anything that happens in this lawsuit.

19  **14.   If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing**
20  **Later?**

21  No.  Unless you exclude yourself, you give up any right to sue the Defendants for the claims

22  resolved by this settlement.  If you have a pending lawsuit against any of the Defendants, speak to

23  your lawyer in that case immediately.  Remember, the exclusion deadline is July 20, 2007.

24  **15.   If I Exclude Myself, Can I Get Money from This Settlement?**

25  No.  If you exclude yourself, do not send in a claim form.  But, you may sue, continue to sue,

26  or be part of a different lawsuit against the Defendants.

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 8 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

## THE LAWYERS REPRESENTING YOU

### 16.   Do I Have a Lawyer in This Case?

The Court asked the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP to represent you and other Settlement Class Members.

These lawyers are called Lead Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.   How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees of approximately 25% of the Settlement Fund (an average of $0.025 per share of common stock) and for reimbursement of their out-of-pocket expenses up to $90,000 ($0.005 per share of common stock), which were advanced in connection with the Litigation. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid for their services for conducting this litigation on behalf of the Lead Plaintiff and the Settlement Class or for their substantial out-of-pocket expenses. The fee requested will compensate Lead Counsel for their work in achieving the Settlement Fund, is well within the range of fees awarded to class counsel under similar circumstances in other cases of this type, and is substantially less than the actual time invested in this case. The Court may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

### 18.   How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the settlement if you do not like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the settlement in *In*

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
- 9 -      Telephone: 206/749-5544 • Fax: 206/749-9978

1   *re WatchGuard Securities Litigation*, Master File No. 2:05-cv-00678-JLR. Be sure to include your

2   name, address, telephone number, your signature, the number of shares of WatchGuard common

3   stock purchased and sold between February 12, 2004 and March 15, 2005, and the reasons you

4   object to the settlement. Any objection to the settlement must be mailed or delivered such that it is

5   received by each of the following no later than July 20, 2007:

6       *Court:*

7       Clerk of the Court
    UNITED STATES OF DISTRICT COURT
8       WESTERN DISTRICT OF WASHINGTON
    700 Stewart Street
9       Seattle, WA  98101

10      *Counsel for Lead Plaintiff:*

11      Joy Ann Bull
    LERACH COUGHLIN STOIA GELLER
12       RUDMAN & ROBBINS LLP
    655 West Broadway, Suite 1900
13      San Diego, CA  92101

14      *Counsel for Defendants:*

15      James N. Kramer
    ORRICK, HERRINGTON & SUTCLIFFE LLP
16      The Orrick Bldg., 405 Howard Street
    San Francisco, CA  94105

17  **19.  What's the Difference Between Objecting and Excluding?**

18

19     Objecting is simply telling the Court that you don't like something about the settlement. You

20  can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you

21  don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object

22  because the case no longer affects you.

23  **THE COURT'S FAIRNESS HEARING**

24     The Court will hold a hearing to decide whether to approve the settlement. You may attend

25  and you may ask to speak, but you don't have to.

26

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

             Lerach Coughlin Stoia Geller Rudman & Robbins LLP
                1700 Seventh Avenue, Suite 2260
                  Seattle, WA  98101

         Telephone: 206/749-5544 • Fax: 206/749-9978

**20.    When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a fairness hearing at _____ _.m., on August __, 2007, at the U.S. Courthouse, 700 Stewart Street, Seattle, Washington. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Robart will listen to people who have asked in a timely manner to speak at the hearing. The Court will also consider how much to pay to Lead Counsel out of the settlement funds. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

**21.    Do I have to Attend the Hearing?**

No. Lead Counsel will answer questions Judge Robart may have. You are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**22.    May I Speak at the Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your intention to appear in *In re WatchGuard Securities Litigation*, Master File No. 2:05-cv-00678-JLR. Be sure to include your name, address, telephone number, your signature, and the number of shares of WatchGuard common stock purchased between February 12, 2004 and March 15, 2005. Your notice of intention to appear must be postmarked no later than July 20, 2007, and be sent to the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the three addresses listed in question 18. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 11 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1

### IF YOU DO NOTHING

2

**23.    What Happens if I Do Nothing at All?**

3        If you do nothing, you'll get no money from this settlement.  But, unless you exclude
4   yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit
5   against the Defendants about the same legal issues in this case.

6

### GETTING MORE INFORMATION

7

**24.    Are There More Details About the Settlement?**

8        This Notice summarizes the proposed settlement.  More details are in the Stipulation of
9   Settlement dated as of March 26, 2007.  You can get a copy of the Stipulation of Settlement by
10  writing to Rick Nelson, c/o Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West
11  Broadway, Suite 1900, San Diego, CA 92101 or from the Clerk's office at the United States District
12  Court for the Western District of Washington, U.S. Courthouse, 700 Stewart Street, Seattle,
13  Washington during regular business hours.

14

**25.    How Do I Get More Information?**

15       You can call 619/231-1058 or write to Rick Nelson, Lerach Coughlin Stoia Geller Rudman &
16  Robbins LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101 or visit the website at
17  www.gilardi.com.

18

### *DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE*

19

### SPECIAL NOTICE TO NOMINEES

20       If you hold shares of any WatchGuard common stock purchased between February 12, 2004
21  and March 15, 2005, as nominee for a beneficial owner, then, within ten (10) days after you receive
22  this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or
23  (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

24

25

26

NOTICE OF PENDENCY AND PROPOSED
SETTLEMENT (2:05-cv-00678-JLR)

- 12 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1

*WatchGuard Securities Litigation*
Claims Administrator
2      c/o Gilardi & Co. LLC
P.O. Box 8040
3      San Rafael, CA  94912-8040

4        If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the

5   Claims Administrator (without cost to you) as many additional copies of these documents as you

6   will need to complete the mailing.

7        Regardless of whether you choose to complete the mailing yourself or elect to have the

8   mailing performed for you, you may obtain reimbursement for or advancement of reasonable

9   administrative costs actually incurred or expected to be incurred in connection with forwarding the

10  Notice and which would not have been incurred but for the obligation to forward the Notice, upon

11  submission of appropriate documentation to the Claims Administrator.

12  DATED: _____        BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
13  S:\Settlement\Watchguard Tech.set\(v1) A1-00038189.doc    WESTERN DISTRICT OF WASHINGTON

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT A-2

THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
9  WESTERN DISTRICT OF WASHINGTON
10

| | |
|---|---|
| In re WATCHGUARD SECURITIES LITIGATION | ) )  Master File No. 2:05-cv-00678-JLR |
| | ) ) |
| This Document Relates To: | )  CLASS ACTION |
| | )  PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | ) ) |
| | )  EXHIBIT A-2 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

**I.  GENERAL INSTRUCTIONS**

1.  To recover as a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), based on your claims in the action entitled *In re WatchGuard Securities Litigation*, Master File No. 2:05-cv-00678-JLR (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed settlement of the Litigation.

2.  Submission of this Proof of Claim and Release, however, does not assure that you will share in the proceeds of settlement in the Litigation.

3.  YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE SEPTEMBER 4, 2007, ADDRESSED AS FOLLOWS:

> *WatchGuard Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040

If you are NOT a Member of the Settlement Class, DO NOT submit a Proof of Claim and Release form.

4.  If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

**II.  DEFINITIONS**

1.  "Defendants" means WatchGuard and the Individual Defendants.

2.  "Individual Defendants" means Steven N. Moore, Michael E. McConnell, Edward J. Borey and James A. Richman.

3.  "Released Persons" means each and all of the Defendants and their Related Parties.

---

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 1 -

**III.    CLAIMANT IDENTIFICATION**

1.    If you purchased WatchGuard common stock and held the certificate(s) in your name, you are the beneficial purchaser as well as the record purchaser. If, however, the certificate(s) were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser and the third party is the record purchaser.

2.    Use Part I of this form entitled "Claimant Identification" to identify each purchaser of record ("nominee"), if different from the beneficial purchaser of WatchGuard common stock which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER OR PURCHASERS, OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER OR PURCHASERS OF THE WATCHGUARD COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

3.    All joint purchasers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**IV.    CLAIM FORM**

1.    Use Part II of this form entitled "Schedule of Transactions in WatchGuard Common Stock" to supply all required details of your transaction(s) in WatchGuard common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.    On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of WatchGuard common stock which took place at any time beginning February 12, 2004 through March 15, 2005, inclusive (the "Settlement Class Period"),

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 2 -

1   whether such transactions resulted in a profit or a loss.  Failure to report all such transactions may
2   result in the rejection of your claim.

3          3.        List each transaction in the Settlement Class Period separately and in chronological
4   order, by trade date, beginning with the earliest.  You must accurately provide the month, day and
5   year of each transaction you list.

6          4.        Broker confirmations or other documentation of your transactions in WatchGuard
7   common stock should be attached to your claim. Failure to provide this documentation could delay
8   verification of your claim or result in rejection of your claim.

9          5.        The above requests are designed to provide the minimum amount of information
10  necessary to process the most simple claims.  The Claims Administrator may request additional
11  information as required to efficiently and reliably calculate your losses.  In some cases where the
12  Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the
13  Settlement Class with the information provided, the Claims Administrator may condition acceptance
14  of the claim upon the production of additional information and/or the hiring of an accounting expert
15  at the Claimant's cost.

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

*In re WatchGuard Securities Litigation*

Master File No. 2:05-cv-00678-JLR

PROOF OF CLAIM AND RELEASE

Must be Postmarked No Later Than:

September 4, 2007

Please Type or Print

PART I:    CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | |
|---|---|
| Foreign Province | Foreign Country |

|  |  | Individual |
|---|---|---|
| Social Security Number or Taxpayer Identification Number | | Corporation/Other |

| | | |
|---|---|---|
| | | _____ (work) |
| Area Code | Telephone Number | |
| | | _____ (home) |
| Area Code | Telephone Number | |

Record Owner's Name (if different from beneficial owner listed above)

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

- 4 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

PART II:       SCHEDULE OF TRANSACTIONS IN WATCHGUARD COMMON STOCK

A.      Number of shares of WatchGuard common stock held at the beginning of trading on February 12, 2004: _____

B.      Purchases of WatchGuard common stock (February 12, 2004 – March 15, 2005, inclusive):

| Trade Date Mo. Day Year | Number of Shares Purchased | Total Purchase Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

IMPORTANT:      Identify by number listed above all purchases in which you covered a "short-sale" _____

C.      Sales of WatchGuard common stock (February 12, 2004 – March 15, 2005, inclusive):

| Trade Date Mo. Day Year | Number of Shares Sold | Total Sales Price |
|---|---|---|
| 1. _____ | 1. _____ | 1. _____ |
| 2. _____ | 2. _____ | 2. _____ |
| 3. _____ | 3. _____ | 3. _____ |

D.      Number of shares of WatchGuard common stock held at close of trading on March 15, 2005: _____

If you require additional space, attach extra schedules in the same format as above. Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
- 5 -          Telephone: 206/749-5544 • Fax: 206/749-9978

## V.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I submit this Proof of Claim and Release under the terms of the Stipulation of Settlement dated as of March 26, 2007 described in the Notice. I also submit to the jurisdiction of the United States District Court for the Western District of Washington, with respect to my claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I further acknowledge that I am bound by and subject to the terms of any judgment that may be entered in the Litigation. I agree to furnish additional information to Lead Counsel to support this claim if required to do so. I have not submitted any other claim covering the same purchases or sales of WatchGuard common stock during the Settlement Class Period and know of no other Person having done so on my behalf.

## VI.   RELEASE

1.     I hereby acknowledge full and complete satisfaction of, and do hereby fully, finally and forever settle, release, relinquish and discharge, all of the Released Claims against each and all of the Defendants and each and all of their "Related Parties," defined as each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which the Individual Defendant is the settlor or which is for the benefit of the Individual Defendant's family.

2.     "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined below), demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiff or any Settlement Class Member against

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

- 6 -

1 the Defendants arising out of, relating to, or in connection with the purchase or purchase and sale of

2 WatchGuard common stock by the Lead Plaintiff or any Settlement Class Member during the

3 Settlement Class Period.

4   3. "Unknown Claims" shall collectively mean all claims, demands, rights, liabilities, and

5 causes of action of every nature and description which the Lead Plaintiff or any Settlement Class

6 Member does not know or suspect to exist in his, her or its favor at the time of the release of the

7 Released Persons which, if known by him, her or it, might have affected his, her or its settlement

8 with and release of the Released Persons, or might have affected his, her or its decision not to object

9 to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and

10 agree that, upon the Effective Date, the Lead Plaintiff shall expressly waive and relinquish, and each

11 of the Settlement Class Members shall be deemed to have waived and relinquished, and by operation

12 of the Judgment shall have waived and relinquished, to the fullest extent permitted by law, the

13 provisions, rights and benefits of California Civil Code §1542, which provides:

14

15    **A general release does not extend to claims which the creditor does not**
    **know or suspect to exist in his or her favor at the time of executing the release,**
16    **which if known by him or her must have materially affected his or her**
    **settlement with the debtor.**

17 The Lead Plaintiff shall expressly waive and each of the Settlement Class Members shall be deemed

18 to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights

19 and benefits conferred by any law of any state or territory of the United States, or principle of

20 common law, which is similar, comparable or equivalent to California Civil Code §1542. The Lead

21 Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from

22 those which he, she or it now knows or believes to be true with respect to the subject matter of the

23 Released Claims, but the Lead Plaintiff shall expressly fully, finally and forever settle and release,

24 and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by

25 operation of the Judgment shall have, fully, finally, and forever settled and released, any and all

26 Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent,

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 7 -

1    whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of

2    law or equity now existing or which come into existence in the future, including, but not limited to,

3    conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule,

4    without regard to the subsequent discovery or existence of such different or additional facts. The

5    Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the

6    Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key

7    element of the settlement of which this release is a part.

8         4.       This release shall be of no force or effect unless and until the Court approves the

9    Stipulation and it becomes effective on the Effective Date.

10        5.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or

11   purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

12   release or any other part or portion thereof.

13        6.       I (We) hereby warrant and represent that I (we) have included information about all

14   of my (our) transactions in WatchGuard common stock that occurred during the Settlement Class

15   Period as well as the number of shares of WatchGuard common stock held by me (us) at the opening

16   of trading on February 12, 2004, and at the close of trading on March 15, 2005.

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 8 -

SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

### PART I

NAME:_____

Check appropriate box:

☐ Individual/Sole Proprietor          ☐ Pension Plan
☐ Corporation          ☐ Partnership          ☐ Trust
☐ IRA          ☐ Other

Enter TIN on appropriate line.

   o     For individuals, this is your Social Security Number ("SSN").

   o     For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

   o     For other entities, it is your EIN.

_ _ - _ _ - _ _ _ _          or          _ _ - _ _ _ _ _ _ _
Social Security Number          Employer Identification Number

### PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____

### PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 9 -

NOTE:   If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

*SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,

(Month/Year)

in _____, _____.

(City)                    (State/Country)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE.

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original stock certificates.

4.   Keep a copy of your claim form for your records.

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

- 10 -

1       5.     If you desire an acknowledgment of receipt of your claim form, please send it

2 Certified Mail, Return Receipt Requested.

3       6.     If you move, please send us your new address.

4 S:\Settlement\Watchguard Tech.set(v1) A2-00038188.doc

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROOF OF CLAIM AND RELEASE
(2:05-cv-00678-JLR)

    - 11 -

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA 98101
Telephone: 206/749-5544 • Fax: 206/749-9978

Case 2:05-cv-00678-JLR   Document 78   Filed 05/25/07   Page 37 of 43

# EXHIBIT A-3

1                                                    THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     WESTERN DISTRICT OF WASHINGTON

10

| In re WATCHGUARD SECURITIES | ) | |
|---|---|---|
| LITIGATION | ) | Master File No. 2:05-cv-00678-JLR |
| | ) | |
| | ) | CLASS ACTION |
| This Document Relates To: | ) | |
| | ) | SUMMARY NOTICE |
| ALL ACTIONS. | ) | |
| | ) | EXHIBIT A-3 |

15

16

17

18

19

20

21

22

23

24

25

26

SUMMARY NOTICE (2:05-cv-00678-JLR)

Lerach Coughlin Stoia Geller Rudman & Robbins LLP
1700 Seventh Avenue, Suite 2260
Seattle, WA  98101
Telephone: 206/749-5544 • Fax: 206/749-9978

1  TO:  ALL PERSONS WHO PURCHASED WATCHGUARD TECHNOLOGIES, INC.
("WATCHGUARD") COMMON STOCK BETWEEN FEBRUARY 12, 2004 AND
2  MARCH 15, 2005, INCLUSIVE

3  YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court

4  for the Western District of Washington, that a hearing will be held on August __, 2007, at _____

5  _.m., before the Honorable James L. Robart, at the U.S. Courthouse, 700 Stewart Street, Seattle,

6  Washington, for the purpose of determining (1) whether the proposed settlement of the claims in the

7  Litigation for the sum of $1,750,000 in cash should be approved by the Court as fair, reasonable and

8  adequate; (2) whether, thereafter, this Litigation should be dismissed with prejudice as set forth in

9  the Stipulation of Settlement dated as of March 26, 2007; (3) whether the Plan of Allocation is fair,

10  reasonable and adequate and therefore should be approved; and (4) whether the application of Lead

11  Counsel for the payment of attorneys' fees and reimbursement of expenses incurred in connection

12  with this Litigation should be approved.

13  If you purchased WatchGuard common stock between February 12, 2004 and March 15,

14  2005, inclusive, your rights may be affected by the settlement of this Litigation. If you have not

15  received a detailed Notice of Pendency and Proposed Settlement of Class Action ("Notice") and a

16  copy of the Proof of Claim and Release, you may obtain copies by writing to *WatchGuard Securities*

17  *Litigation*, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you are a

18  Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must

19  submit a Proof of Claim and Release postmarked no later than September 4, 2007, establishing that

20  you are entitled to recovery.

21  If you desire to be excluded from the Settlement Class, you must submit a Request for

22  Exclusion postmarked by July 20, 2007, in the manner and form explained in the detailed Notice

23  referred to above. All Members of the Settlement Class who have not requested exclusion from the

24  Settlement Class will be bound by any judgment entered in the Litigation pursuant to the Stipulation

25  of Settlement.

26

SUMMARY NOTICE (2:05-cv-00678-JLR)

- 1 -

1    Any objection to the settlement must be mailed or delivered such that it is received by each

2  of the following no later than July 20, 2007:

3        Clerk of the Court
         UNITED STATES OF DISTRICT COURT
4        WESTERN DISTRICT OF WASHINGTON
         700 Stewart Street
5        Seattle, WA  98101

6        *Counsel for Lead Plaintiff:*

7        Joy Ann Bull
         LERACH COUGHLIN STOIA GELLER
8          RUDMAN & ROBBINS LLP
         655 West Broadway, Suite 1900
9        San Diego, CA  92101

10       *Counsel for Defendants*

11       James N. Kramer
         ORRICK, HERRINGTON & SUTCLIFFE LLP
12       The Orrick Bldg., 405 Howard Street
         San Francisco, CA  94105
13

14       **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE**

15  **REGARDING THIS NOTICE.** If you have any questions about the settlement, you may contact

16  Lead Counsel at the address listed above.

17

18  DATED: _____      BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
19                                        WESTERN DISTRICT OF WASHINGTON

20  S:\Settlement\Watchguard Tech.set\A3-00038165.doc

21

22

23

24

25

26

SUMMARY NOTICE (2:05-cv-00678-JLR)                    Lerach Coughlin Stoia Geller Rudman & Robbins LLP
                                                      1700 Seventh Avenue, Suite 2260
                                                      Seattle, WA  98101
                                      - 2 -           Telephone: 206/749-5544 • Fax: 206/749-9978

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on May 17, 2007, I electronically filed the foregoing with the Clerk of

3  the Court using the CM/ECF system which will send notification of such filing to the e-mail

4  addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5  mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6  participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8  foregoing is true and correct.  Executed on May 17, 2007.

9

10                            s/ Joy Ann Bull
                            JOY ANN BULL

11                            LERACH COUGHLIN STOIA GELLER

12                              RUDMAN & ROBBINS LLP
                            655 West Broadway, Suite 1900

13                            San Diego, CA  92101-3301
                            Telephone: 619/231-1058

14                            619/231-7423 (fax)

15                            E-mail:Joyb@lerachlaw.com

16

17

18

19

20

21

22

23

24

25

26

# Mailing Information for a Case 2:05-cv-00678-JLR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Aelish M Baig**
  AelishB@lerachlaw.com,e_file_sd@lerachlaw.com

- **Joy Ann Bull**
  joyb@lerachlaw.com

- **Dan Drachler**
  ddrachler@zsz.com

- **Tamara J Driscoll**
  tdriscoll@lerachlaw.com,georgiad@lerachlaw.com

- **Juli E. Farris**
  jdesper@KellerRohrback.com,mbates@KellerRohrback.com

- **Stephen M Knaster**
  sknaster@orrick.com

- **James N Kramer**
  jkramer@orrick.com,jcopoulos@orrick.com

- **Elizabeth Ann Leland**
  bleland@kellerrohrback.com,chopkins@kellerrohrback.com

- **Justin M Lichterman**
  jlichterman@orrick.com,mticzon@orrick.com

- **Azra Mehdi**
  Azram@lerachlaw.com,e_file_sf@lerachlaw.com,jdavis@lerachlaw.com,e_file_sd@lerachlaw.com

- **Louis David Peterson**
  smp@hcmp.com

- **Lynn Lincoln Sarko**
  lsarko@kellerrohrback.com

- **Michael D Torpey**
  mtorpey@orrick.com

- **W Scott Zanzig**
  szanzig@hallzan.com,generalmail@hallzan.com,kbcnedict@hallzan.com

- **Jay H Zulauf**

WAWD CM/ECF Version 2.8.0                                    Page 2 of 2

Case 2:05-cv-00678-JLR   Document 78   Filed 05/25/07   Page 43 of 43
Case 2:05-cv-00678-JLR   Document 77-2   Filed 05/17/2007   Page 43 of 43

jzulauf@hallzan.com,lvitale@hallzan.com,generalmail@hallzan.com,kbenedict@hallzan.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)